Bryan W. FORISTER, Jr., et
al., Appellants,

v.

W. R. COLEMAN, et al., Appellees.

No. 12418.

Court of Civil Appeals of Texas,
Austin.

June 9, 1976.
Rehearing Denied June 30, 1976.

Elvis G. Schulze, Law Offices of Gilbert
Prud'homme, Austin, for appellants.

J. Terry Weeks, Levbarg & Weeks, Aus-
tin, for appellees.

PHILLIPS, Chief Justice.

This is the third time that this case has been appealed to this Court. Our opinion in the first appeal is reported in *Forister v. Coleman*, 418 S.W.2d 550 (Tex.Civ.App. 1967). There, we reversed the judgment of the trial court and remanded the case for a new trial. The Supreme Court first refused application for writ of error, then on motion for rehearing issued a *per curiam* opinion refusing the application for writ with notation of no reversible error. 431 S.W.2d 2 (Tex.1968). The case was retried and again appealed to this Court. We reformed the judgment and affirmed the judgment as reformed. 497 S.W.2d 530 (Tex.Civ.App. 1973). On application, the Supreme Court granted the application for writ of error, and reversed the judgment of this Court and remanded the case to the trial court. That opinion is reported in 514 S.W.2d 899 (Tex.1974). On reversing the judgments of the courts below, the Supreme Court remanded the case solely for the purpose of determining "reasonable access under the 1955 deed."

The question of "reasonable access under the 1955 deed" relates to the contention of appellant landowners to establish an unrestricted right to use certain lots for ingress and egress to the Bee Creek waterfront. Inasmuch as the facts are fully related in the opinions of this Court and of the Supreme Court cited above, we will not restate them.

Pursuant to remand of the case to the trial court, the cause was tried to a jury. The court attempted to limit the scope of the trial to the issue of "reasonable access under the 1955 deed" in conformity to the mandate of the Supreme Court.

The charge contained one special issue: "Find from a preponderance of the evidence the (a) width, or widths, in number of feet, and (b) the geographical location, of the easement allowing passage across the land owned by the Defendants which is reasonably necessary to give to the owners of the one-foot strips reasonable access under the 1955 Deed to the walk-way behind the one-foot strips of land bordering the water's edge of Bee Creek. "In connection with the foregoing Special Issue, you are instructed that the grant of an easement in general terms implies a grant of unlimited reasonable use such as is reasonably necessary and convenient, and as little burdensome as possible to the owner in fee of the land.

"You are further instructed in connection with the foregoing Special Issue that the right of an easement granted in general terms granting the right to the grantees of the easement to pass through the lands owned in fee by another person does not include the right to linger for recreational purposes, or to exercise waterfront privileges.

"(a) Width, or widths, in number of feet.

"Answer: _____

"(b) The geographical location of the easement.

"Answer: _____

The answers of the jury to parts (a) and (b) of said Special Issue were as follows:

"(a) 30 foot easement increasing to 60 feet maximum at turn-around in Lot # 4 of Holloway-Coleman property.

"(b) The easement is measured 30 feet northwest from the boundary of Holloway-Coleman property and the A. S. Hull property extending northeast from Westlake Drive to the walkway behind the one-foot strips of land bordering the water's edge of Bee Creek. Also included in the easement is the existing turn-around on Lot # 4 with a 30 foot radius the center of which lies 30 feet from the Holloway-Coleman and the A. S. Hull boundary."

Pursuant to the jury's answers to the issue, the trial court entered judgment that the deed granted an easement for a reasonable right of ingress and egress to the one-foot strips and the walkway referred to therein and no more, and the judgment further defined the boundaries of the ease-

ment in the terms of the jury's answers to the special issue.

The court further found that the reference to Lot 4 above refers to Lot 4 of the Holloway-Coleman subdivision recorded in Book 25, page 9, of the Plat Records of Travis County, Texas; that the owners of the one-foot strips referred to in Emmett Shelton's deed are entitled to (a) use the easement above defined for ingress and egress to the one-foot strips and (b) to use the walkway immediately adjacent to the one-foot tracts for purposes of access to them; and, that such owners have no other rights of user and none may be implied.

In our opinion, the trial court followed the mandate of the Supreme Court, and correctly applied the law to the facts as found. We affirm its judgment.

Although appellants are before us on a number of points of error, together, these points present the single contention that the trial court erred in confining the evidence presented at trial to that material to access to the property as it exists at the time of trial as distinguished from what might have been reasonable access over the property in 1955. There are no points complaining of the *quantum* of the evidence necessary to establish the easement.

By their points of error, which present slightly different shadings of the same contention, appellants complain of the trial court's refusal to admit evidence extrinsic to the deed, relating to fraud, estoppel, reformation, mistake, constructive trust and other legal theories. Appellants say that such evidence would have reflected the intent and meaning of the 1955 deed.

■ We hold that the trial court was correct in excluding the evidence. The Supreme Court held that the 1955 deed was neither ambiguous nor incomplete. Therefore, "reasonable access" must be determined from the deed as written.

■ This Court is bound, as was the court below, by the law of the case as determined by the Supreme Court.[1] The mandate of the Supreme Court was that the trial court determine "reasonable access under the 1955 deed." The purpose of that grant in the deed was to make waterfront privileges available to the grantees. The special issue submitted asked the jury to determine reasonable access under the 1955 deed and the jury so found. The testimony was not confined to present day reasonable access and evidence was admitted concerning the use of the land in question over periods ranging from the 1930's to the 1970's. As stated above, the sufficiency of this evidence has not been attacked on this appeal.

■■ The question of what was reasonable access under the 1955 deed was a fact issue to be determined by the jury. The trial court properly restricted the trial to that one issue, in light of the Supreme Court's holdings that the deed was not ambiguous, that no additional rights passed by implication, and that the easement should burden the servient estate as little as possible.

■ We also hold that the trial court was correct in excluding any evidence of the number of persons with extraneous titles, i. e., titles to upland lots in the neighborhood as distinguished from those owners of the waterfront strips, or their assigns with respect to their rights as users of the easements. The Supreme Court held that the easements are appurtenant only to the land to which they pass, namely, the waterfront strips.

The trial court was correct in assessing costs against the appellants. The judgment is in all things affirmed.

Affirmed.

---

1. See: *Stanolind Oil and Gas Co. v. State*, 136 Tex. 5, 145 S.W.2d 569 (Tex.1940); *MacDonald v. Follett*, 193 S.W.2d 287 (Tex.Civ.App.1946, writ ref.).