Pearl Grimsley BALLARD, Appellant,

v.

B. T. CANTRELL, Appellee.

No. 17872.

Court of Civil Appeals of Texas,
Fort Worth.

June 30, 1977.

Rehearing Denied Sept. 8, 1977.

John R. Bryant, Dallas, for appellant.

Robert J. Wilson, Burleson, for appellee.

OPINION

MASSEY, Chief Justice.

This is a trespass to try title case in which the plaintiff failed to recover and appealed.

We reverse and remand.

The land in controversy is 17½ acres of land owned by the seven children of James M. and Martha Grimsley upon their death, intestate, some 88 years ago. Of the proportionate interests of these children there has never been a partition.

Plaintiff in the case, who for convenience we will refer to as Pearl, proved upon trial that she owned at least the one-seventh undivided interest in and to the property in question she owned upon the death of her parents. The remand we have concluded proper is in order that she may, if she can, establish whether as against the defendant her undivided interest might be greater than one-seventh.

Defendant in the case, who for convenience we will refer to as Cantrell, proved that he owned at least a one-seventh undivided interest. Such ownership by Cantrell resulted because of deeds from his step-children. The father of said step-children had been Ben Grimsley, brother to Pearl, and like her the owner of a one-seventh undivided interest upon the death of their parents. Ben Grimsley died intestate in 1911. Minnie, his widow, married Cantrell in 1917. By agreement with Pearl, and either by

consent or without apparent protest of any of her brothers and sisters, Cantrell and his wife, Minnie, with the children of the deceased, Ben Grimsley, moved onto the property. While Minnie lived she and Cantrell used and cultivated it more or less continuously either personally or through permission given to others and after Minnie died in 1961 Cantrell continued the practice since that time. Cantrell has kept the taxes paid on the property and concededly his possession and use has been such that, except as applied to those who are in cotenancy, he would appear in open and notorious possession and holding adversely. Those in cotenancy would include Pearl and her brothers and sisters and those who by and through them might have been the successors to their interests.

 After the 1961 death of his wife, Minnie, Cantrell continued in possession, but the fact that he did so did not have the effect of making his possession adverse to cotenants. There was not for years any notice to them, or at least to Pearl, that he was holding adversely. There was not notice of this character to Pearl, which might be said to have brought home the fact of any adversity in Cantrell's possession until September of 1972. In that month he brought suit against her in trespass to try title of the identical property. Service of process in that suit did constitute notice given by Cantrell to Pearl.

Cantrell either dropped the suit or permitted it to remain pending; and Pearl sued Cantrell in 1973. Pearl's suit was tried to judgment and this is the one brought before us by the appeal.

Obviously Cantrell decided to rely upon statutes of limitation to defeat the suit brought by Pearl should she be able to prove any title, and to thrust upon Pearl the burden incumbent upon a plaintiff in a trespass to try title case to recover, if at all, on the strength of his own title, and not upon the weakness of the title of the defendant.

Pearl's proof did establish her title, though not the degree and extent thereof, and of this appears concession by Cantrell in his brief. He relies upon limitation title to support the judgment. Our further holding is that Cantrell's evidence does not suffice to support his claim of title by limitation as against a cotenant, and the judgment he obtained upon the theory that it did suffice was erroneous because of the total failure in respect to any notice prior to his suit failed against Pearl in 1972. 2 Tex.Jur.2d *Adverse Possession, Cotenants* § 35 (1959), at p. 100.

Judgment is reversed and the cause is remanded.