Pearl Grimsley BALLARD, Appellant,

v.

B. T. CANTRELL, Appellee.

No. 18262.

Court of Civil Appeals of Texas, Fort Worth.

March 20, 1980.

Rehearing Denied April 17, 1980.

John R. Bryant, Dallas, for appellant.

Robert J. Wilson, Burleson, for appellee.

## OPINION

HUGHES, Justice.

Pearl Grimsley Ballard, plaintiff in the trial court, has appealed the trespass to try title judgment rendered by the trial judge who found Mrs. Ballard to have a one-seventh undivided interest in the 17½ acres subject of the suit and declined to grant her possession thereof.

We reverse and remand.

We refer to *Ballard v. B. T. Cantrell*, 555 S.W.2d 144 (Tex.Civ.App.—Fort Worth 1977, no writ). The opinion therein on the previous appeal has an adequate statement of the facts of the case as well as an enunciation of the law of the case which held Mrs. Ballard had proved "that she owned at least the one-seventh undivided interest in and to the property in question she owned upon the death of her parents. The remand we have concluded proper is in order that she may, if she can, establish whether as against the defendant her undivided interest might be greater than one-seventh." We are bound by the foregoing statement as the law of the case. *Frankland v. Cassaday*, 62 Tex. 418 (1884).

"[W]hen the remand is accompanied by instructions restricting the retrial to particular issues, the parties must keep within such issues, and may not relitigate matters settled by the appellate court." 34 Tex. Jur.2d *Judgments* § 457 (1962); *Missouri K. & T. Ry. Co. of Texas v. Redus*, 55 Tex.Civ. App. 205, 118 S.W. 208 (1909, error ref'd).

The main question apparently before us is: Did Mrs. Ballard prove she owned more than a one-seventh interest in the acreage in question?

Defendant's exhibit 5 was not produced at the first trial of this case and was admitted over Mrs. Ballard's objection in this last trial. It is an affidavit dated July 24, 1929, purportedly signed by James L. Stephenson and Pearl Grimsley Ballard, and filed of record on August 6, 1929 by the County Clerk of Tarrant County. It recites, among other things, "there has been a verbal partition of said above described two tracts of land, supposes (sic) to contain in the aggregate 35 acres of land, between affiant, Pearl Grimsley Ballard, and B. T. Cantrell by which the said B. T. Cantrell took the South 17½ acres more or less, and affiant, Pearl Grimsley Ballard, took the North 17½ acres more or less, but that deeds were not exchanged as to their respective lands, but each took possession under such partition of their respective portions thereof; that said verbal partition was made between them some ten or twelve years ago, and that each has occupied since said date their respective portions thereof under said partition, and

that neither has calimed (sic) any right, title or interest in the part of the property partitioned thereby to the other."

Trial court did an admirable job in the retrial of this case. He kept the issue narrowed (as instructed by us in our former opinion) to whether Mrs. Ballard as against Cantrell had a greater interest in the property than an undivided one-seventh.

■ No doubt the trial judge was surprised by the offer of defendant's exhibit number 5, of which he had no notice (nor we) in the first trial. We hold that it was properly admitted by him, in that it tended to show Mrs. Ballard had no more than one-seventh interest—since "none" is the least interest one can have.

■ We overrule the thirteenth point of error and hold that defendant's exhibit 5 qualifies as an ancient instrument on file nearly 50 years. *Miller v. Cretien*, 488 S.W.2d 893 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e.). A presumption of authority was raised which required rebuttal, which Mrs. Ballard did not. *Fussell v. Rinque*, 269 S.W.2d 442 (Tex.Civ.App.—Galveston 1954, writ ref'd n. r. e.).

Under *Cowan v. Mason*, 428 S.W.2d 96 (Tex.Civ.App.—Amarillo 1968, no writ), defendant's exhibit 5 is *prima facie* genuine because no affidavit of forgery or sworn pleading denied its genuineness.

■ In view of the effect of defendant's exhibit 5 which makes it appear that Mrs. Ballard, rather than having at least the one-seventh previously decreed, has no interest at all, we sustain Cantrell's cross-point number 4. We do this because the trial court did allow him to prove Ballard had failed to show any title and, at the same time, ignored his proof that she held no title. In so ruling, we acknowledge that trial court was prohibited by us from broadening the scope of the trial to allow such proof on Cantrell's case in chief.

However, we are not so restricted by the law of the case in this second appeal as was the trial court in its second trial. *City of Dallas v. Rosenthal*, 239 S.W.2d 636, 641 (Tex.Civ.App.—Dallas 1951, writ ref'd n. r. e.); *Lincoln National Life Insurance Company v. Roosth*, 306 F.2d 110 (5th Cir. 1962).

We therefore reverse the judgment rendered by trial court in the narrow limits prescribed by us on the previous appeal and remand for a trial on the merits without the limitations imposed on the second trial. All other points and cross-points of error, having been considered by us, are overruled.