LONE STAR GAS COMPANY, A DIVISION OF ENSERCH CORP., et al., Petitioners,

v.

The RAILROAD COMMISSION OF TEXAS, et al., Respondents.

No. C–8211.

Supreme Court of Texas.

April 5, 1989.

David C. Duggins, Clark, Thomas, Winters & Newton, Austin, for petitioners.

Jim Mattox, Atty. Gen. and Sarah F. Miller, Asst. Atty. Gen., Austin, for respondents.

PER CURIAM.

This case presents a recurring problem: the failure of the court of appeals to "address every issue raised and necessary to final disposition of the appeal." Tex.R. App.P. 90(a). Petitioners seek a declaration that certain provisions of amended rules 30 and 34 of the Texas Railroad Commission dealing with proration and ratable take restrictions are invalid. Petitioners also seek a declaration as to the applicability of these rules to certain situations. The trial court held the rules provisions valid, within the Railroad Commission's authority to promulgate. However, the trial court dismissed the case because it concluded that the request for a declaratory judgment was not ripe. The court of appeals reversed, holding that the applicability issue is ripe for decision. However, the court of appeals refused to address the validity issue, despite the trial court's ruling, on the grounds that the trial court's "order of dismissal renders the ruling on validity mere surplusage which we will not address."

■ The court of appeals is obliged to "address every issue raised and necessary to final disposition of the appeal." Tex.R. App.P. 90(a). When the court of appeals reverses the judgment of a lower court, the appeals court "*shall* proceed to render such judgment or decree as the court below should have rendered, except when it is necessary to remand to the court below for further proceedings." Tex.R.App.P. 81(c). In this case, the trial court held the Railroad Commission rules provisions in issue to be valid. Notwithstanding some inconsistency in the trial court's holdings on the validity and applicability issues, the trial court's ruling on the validity issue was not "mere surplusage" and was squarely presented to the court of appeals. A holding that the rules are invalid would finally dispose of this case. A holding that the rules are valid would finally dispose of one of the two principal issues in the case. Prior to ordering a remand, points calling for rendition of judgment should be considered. *Pruitt v. Republic Bankers Life Ins. Co.*, 491 S.W.2d 109, 112 (Tex.1973). Thus, under rule 90(a), the court of appeals was obliged to address the validity issue. Under rule 81(c), the court of appeals' duty was clear: absent a finding that further proceedings in the trial court were necessary, the appeals court should have rendered judgment that the challenged Commission rules are either valid or invalid. No purpose for remand appears in this case. The trial court would have no reason to reconsider its decision that the rules are valid. The parties neither requested the court of appeals to remand nor suggested that the evidence was not fully developed on this issue in the trial court. Therefore, the court of appeals erred in remanding the validity issue to the trial court. *See Mobil*

*Oil Corp. v. Frederick,* 621 S.W.2d 595, 596 (Tex.1981).

Rules 81(c) and 90(a) are mandatory. The courts of appeals are not at liberty to disregard them. These rules serve the salutary purpose of eliminating unnecessary delay and expense in the appellate process. Although the rules do not require or contemplate advisory opinions on issues not essential to the final disposition of a case, the rules do mandate full consideration of all issues raised to move the case as far as possible toward final disposition.

The court of appeals' decision in this case conflicts with rules 81(c) and 90(a). Accordingly, a majority of the Court grants petitioners' application for writ of error, and, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court with instructions to comply with rules 81(c) and 90(a).