James **MUSGROVE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–01–00017–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 6, 2002.

Rehearing Overruled April 30, 2002.

Discretionary Review Refused
Oct. 9, 2002.

Nancy B. Barohn, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from the trial court's denial of defendant James Musgrove's motion for new trial. The essence of defendant's complaint is that the trial court improperly applied the version of Texas Rule of Evidence 606(b) that was in effect when the new trial hearing was held, instead of the version of Rule 606(b) that

was in effect when he filed his motion for new trial. We disagree and affirm.

## PROCEDURAL HISTORY

In 1992, a jury found the defendant guilty of burglary of a habitation, and assessed punishment at forty-five years' confinement. The defendant filed a motion for new trial, alleging jury misconduct at the punishment phase of his trial. The motion was denied. In 1995, this court affirmed the trial court's judgment in an unpublished opinion. *See Musgrove v. State*, No. 04–92–00407–CR (Tex.App.-San Antonio 1992) (unpublished). The Court of Criminal Appeals granted review on whether the defendant's motion for new trial had been "presented" to the trial court. On January 7, 1998, the Court of Criminal Appeals vacated the judgment in part, and remanded the case for consideration of whether the defendant should be granted a hearing on his motion for new trial. *See Musgrove v. State*, 960 S.W.2d 74 (Tex.Crim.App. 1998). On January 27, 1999, this court held that the defendant was entitled to a hearing on his complaint of jury misconduct, and abated the appeal for that purpose. *See Musgrove v. State*, 986 S.W.2d 738 (Tex.App.-San Antonio 1999, pet. ref'd). On June 30, 1999, the Court of Criminal Appeals refused the State's petition for discretionary review. This court's mandate issued on August 16, 1999.

A new trial hearing was held on November 22, 1999, at which time the defendant attempted to offer the testimony of two jurors regarding the alleged misconduct. The State objected that such testimony was inadmissible under Texas Rule of Evidence 606(b). The trial court sustained the objection, and no other evidence was offered. The court denied the motion for new trial, and the defendant appealed.

On April 4, 2000, after determining the defendant was required to ask the trial court to resentence him, this court ordered the defendant to show cause why his appeal should not be dismissed for lack of jurisdiction. On June 9, 2000, the defendant filed a motion with the trial court asking that he be resentenced pursuant to this court's August 16, 1999 mandate. That motion was granted, and the defendant filed a motion in this court asking that his appeal be dismissed, without prejudice. On June 28, 2000, this court dismissed the defendant's appeal, without prejudice to him starting "the appeal process anew." *See Musgrove v. State*, No. 04–99–00939–CR, 2000 WL 863102 (Tex. App.-San Antonio, June 28, 2000). This court's mandate issued on September 18, 2000.

On December 6, 2000, the trial court reimposed the defendant's 1992 sentence. On January 5, 2001, the defendant filed this appeal, alleging the trial court erred in excluding from evidence the testimony of the juror-witnesses during the new trial hearing.

## DISCUSSION

### THIS COURT'S MANDATE

In his first issue, the defendant asserts the trial court erred in refusing to hear evidence in violation of the August 16, 1999 mandate, which read, in part, as follows:

> Accordingly, we abate this appeal, remand the case to the trial court, and order the trial court to conduct an evidentiary hearing on Musgrove's motion for new trial. This order reinstates jurisdiction over the case in the trial court and returns Musgrove to the stage of the proceeding before imposition of sentence and filing of the notice of appeal. If the trial court denies the motion for new trial, the sentence must be reimposed, and Musgrove, if he so wishes, must start the appeal process anew.

The defendant contends the mandate required an "evidentiary hearing" and the trial court violated the mandate by refusing to hear the only evidence he had to offer in support of his motion for new trial—the testimony of the juror-witnesses.

 When a trial court's judgment is reversed and the case remanded, without instructions to render a specific judgment, the effect is to restore the parties to the same situation as that in which they were prior to the appeal. *Film Adver. Corp. v. Camp*, 137 S.W.2d 1068, 1069 (Tex.Civ. App.-Dallas 1940, no writ). If the remand is accompanied by instructions to retry certain issues, the scope of the trial must be limited to those issues and the parties may not relititgate issues settled by the appellate court. *Ballard v. Cantrell*, 597 S.W.2d 41, 42 (Tex.Civ.App.-Fort Worth 1980, writ ref'd n.r.e). Within the scope of the issues to be tried on remand, the parties are allowed to proceed in the court below, and have their rights determined in the same manner and to the same extent as if their cause had never been heard or decided by any court, leaving the trial court entirely free to exercise its own judgment upon the evidence. *Film Adver.*, 137 S.W.2d at 1069; *see also Ballard*, 597 S.W.2d at 42 (court properly admitted evidence not produced at first trial, but relevant to issue on remand); *Forister v. Coleman*, 538 S.W.2d 14, 16 (Tex.Civ.App.- Austin 1976, writ ref'd n.r.e) (court properly excluded evidence not relevant to issue on remand).

 This court's mandate directed the trial court to hold an evidentiary new trial hearing; thus, limiting the scope of the hearing to those issues pertinent to the defendant's motion for new trial. The mandate did not dictate to the trial court what evidence to admit or exclude because the admissibility of evidence is left to the trial court's discretion. *Mendoza v. State*,

30 S.W.3d 528, 530 (Tex.App.-San Antonio 2000, no pet.). The trial court conducted the hearing and allowed the defendant to offer such evidence as he considered pertinent to his motion for new trial; he offered only the testimony of the two juror-witnesses. Because this court's mandate left the admission of evidence to the trial court's discretion, the trial court's ruling that the jurors' testimony was inadmissible was not contrary to the mandate.

## CONSTITUTIONAL COMPLAINTS

 In his second issue, the defendant asserts that the application of Texas Rule of Evidence 606(b), as it existed at the time of the hearing rather than as it existed when he filed his motion for new trial, violated his federal and state constitutional rights against the retroactive application of any law that deprives him of a vested, substantive right. In his third issue, the defendant asserts his due process rights have been violated by the retroactive application of Rule 606(b) because it deprived him of an adequate opportunity to present his claims in the context of the appellate process.

When the new trial hearing was conducted, the trial court applied the current version of Rule 606(b), which provides as follows:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, *a juror may testify: (1)*

*whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.*

TEX.R. EVID. 606(b) (emphasis added). Thus, under Rule 606(b), a juror may testify about any improper outside influence or the juror's qualifications to serve, but cannot testify about matters or statements occurring during deliberations. At the new trial hearing, the defendant attempted to introduce the testimony of two jurors in support of his allegation that juror misconduct occurred during the punishment phase of his trial because the jury considered how the parole law would apply to his case. The defendant does not dispute that under the current version of Rule 606(b) such testimony is not admissible.

█ Instead, the defendant alleges the version of Rule 606(b) as it existed when he filed his motion for new trial should have been applied. That version read as follows:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that a juror may testify as to any matter relevant to the validity of the verdict or indictment.* Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Former TEX.R.CRIM. EVID. 606(b) (emphasis added).[1] Under former Rule 606(b), a ju-

ror could testify about both internal and external influences on the verdict. *See Buentello v. State,* 826 S.W.2d 610, 613 (Tex.Crim.App.1992). The defendant asserts the testimony of the jurors would have been admissible under former Rule 606(b) and the application of current Rule 606(b) was a retroactive application of a law in violation of Texas Constitution article I, section 16.

█ The Texas Constitution prohibits both *ex post facto* and retroactive laws. TEX. CONST. art. I, § 16 ("No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligations of contract shall be made."). The retroactive laws provision of Article I, section 16, prohibits the application of statutes that disturb vested, substantive rights. *Ibarra v. State,* 11 S.W.3d 189, 192 (Tex.Crim.App. 1999), *cert. denied,* 531 U.S. 828, 121 S.Ct. 79, 148 L.Ed.2d 41 (2000). Laws that alter procedure generally do not fall within the prohibition. *Id.*

█ Laws that do not amend substantive law by defining criminal acts or providing for penalties are procedural in nature. *Ex parte Johnson,* 697 S.W.2d 605, 607 (Tex.Crim.App.1985); *Carter v. State,* 813 S.W.2d 746, 747 (Tex.App.-Houston [1st Dist.] 1991, no pet.). "Procedure" refers to changes in the process by which a criminal case is adjudicated as opposed to changes in the substantive law of crimes. *Ex parte Scales,* 853 S.W.2d 586, 588 (Tex.Crim.App.1993). Procedural statutes control pending litigation from their effective date, absent an express provision to the contrary. *Ex parte Johnson,* 697 S.W.2d at 607–08; *Medina v. State,* 828 S.W.2d 268, 272 (Tex.App.-San Antonio 1992, no pet.); *Freeman v. State,* 786

---

1. The Texas Rules of Criminal Evidence were amended on March 1, 1998, at which time they were combined with the Texas Rules of Civil Evidence to make up the Texas Rules of Evidence.

S.W.2d 56, 58 (Tex.App.-Houston [1st Dist.] 1990, no pet.). The order approving the revisions to the Texas Rules of Evidence stated that the amended rules take effect March 1, 1998 and "apply to all proceedings on or after that date." *See* Court Order on Final Approval of Revisions to the Texas Rules of Evidence, printed in 61 Tex. Bar J. 373 (Apr.1998).

██ The rules of evidence are procedural provisions. *Buffington v. State*, 801 S.W.2d 151, 154 (Tex.App.-San Antonio 1990, pet. ref'd). Because current Rule 606(b) was in effect at the time of the defendant's new trial hearing, it was applicable as a procedural provision and the trial court was bound to follow it during the hearing. *Id.; Freeman*, 786 S.W.2d at 58 (rules of evidence govern case even though offense committed before their enactment); *Medrano v. State*, 768 S.W.2d 502, 504 (Tex.App.-El Paso, 1989 pet. ref'd) (same); *see also Hart v. State*, 15 S.W.3d 117, 124 (Tex.App.-Texarkana 2000, pet. ref'd) (holding that trial court correctly sustained State's Rule 606(b) objection even though alleged misconduct occurred before rule's amendment).

The defendant attempts to circumvent such a conclusion by arguing that the retroactive application of current Rule 606(b) disturbs his substantive right to appellate review of his complaint. Although the defendant has a vested, substantive right to legislatively-granted appellate review, he has no vested right in the procedural mechanisms for reviewing his conviction or punishment. *See Fowler v. State*, 991 S.W.2d 258, 261 (Tex.Crim.App.1999) (procedural mechanisms for reviewing conviction not a vested and substantive right); *Montez v. State*, 975 S.W.2d 370, 372 (Tex. App.-Dallas 1998, no pet.) (holding rules of appellate procedure are obviously procedural in nature). Therefore, the trial court's application of the current version of

the rule did not violate the Texas Constitution's prohibition of retroactive laws, and did not violate the defendant's due process rights.

██ In his fourth issue, the defendant complains that his due process rights were violated by the inordinate delay in the disposition of his appeal. The defendant's direct appeal has lasted almost nine years. His petition for discretionary review was pending before the Court of Criminal Appeals for almost three years before the case was remanded in March 1998. The new trial hearing was conducted in November 1999, and the defendant asserts that the delay from then to now is attributable to the trial court's failure to carry out this court's mandate. The defendant contends he has been prejudiced by the delay because the jurors' memory has been impaired by the passage of time, and he has suffered anxiety and concern awaiting the outcome of his appeal. Because we have determined that the trial court did not violate this court's mandate and because current Rule 606(b) was applicable to the defendant's new trial hearing and precludes the testimony of the juror-witnesses, the defendant has not been prejudiced by the passage of time; therefore, his due process rights have not been violated.

## CONCLUSION

Although the amendment to Rule 606(b) worked to the defendant's disadvantage, its application was not prohibited by the United States or Texas Constitutions. Therefore, we affirm the trial court's judgment.