

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00281-CR

FELIX DELEON                                        APPELLANT

V.

THE STATE OF TEXAS                                        STATE

----------

## FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In one issue, Felix Deleon contends that the application of rule of evidence 606(b) in his murder trial violated the Texas constitutional prohibition against retroactive laws. We affirm.

## Background

The body of Robert Contreras was found in 1992. The Texas Rangers assisted with investigating the case but it went cold; a cold case investigator

---

[1]*See* Tex. R. App. P. 47.4.

began reviewing the case in 2008. As a result of the investigation, appellant was arrested in April 2009, and a jury convicted him of voluntary manslaughter. Appellant did not testify at his trial.

Appellant filed a motion for new trial, to which he attached a juror affidavit. The juror averred that "the fact that [appellant] did not testify in his own defense was also brought up in deliberations. I must confess that I am puzzled by his decision not to do so. Although we as jurors were instructed not to consider it, it still does not mesh with my idea of an innocent man." Although the juror said he followed the law, he also averred that the jury "did discuss [appellant's] failure to testify in our deliberations, and I know it bothered some of the other jurors as well." The State objected to the affidavit under rule of evidence 606(b). Tex. R. Evid. 606(b). The trial court did not rule on the State's objection, but it denied the motion for new trial.

## Issue on Appeal

Appellant contends that he is entitled to a new trial because the trial court erroneously applied the current version of rule 606(b) retroactively. According to appellant, the trial court should have considered the juror's affidavit under the former version of rule 606(b), which was effective at the time of the offense; thus, the application of current rule 606(b) was a retroactive application of a law in violation of Texas Constitution article I, section 16. Tex. Const. art. I, § 16. Appellant also contends that although this issue was never raised at trial, it was not required to be preserved.

2

## Analysis

The current version of rule 606(b) provides as follows:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.

Tex. R. Evid. 606(b). Under rule 606(b), a juror may testify about any improper outside influence or the juror's qualifications to serve but cannot testify about matters or statements occurring during deliberations. *Musgrove v. State*, 82 S.W.3d 34, 38 (Tex. App.—San Antonio 2002, pet. ref'd). The former version of rule 606(b) read as follows:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, *except that a juror may testify as to any matter relevant to the validity of the verdict or indictment.* Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

Former Tex. R. Crim. Evid. 606(b) (emphasis added). Under former rule 606(b), a juror could testify about both internal and external influences on the verdict.

3

*Buentello v. State*, 826 S.W.2d 610, 613 (Tex. Crim. App. 1992); *Musgrove*, 82 S.W.3d at 38.

Although appellant attached the affidavit to his motion for new trial, he never argued to the trial court that the application of rule 606(b) would operate retroactively in a way that would violate the Texas Constitution; thus, he did not preserve this issue for appeal. Appellant contends, nevertheless, that the application of rule 606(b) operates similarly to an ex post facto law and, thus, that he was not obligated to preserve such an argument in the trial court. *See Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) (discussing systemic rights that cannot be forfeited by failure to preserve at trial); *Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995) (holding that complaint of violation of Ex Post Facto Clause need not be preserved at trial). Assuming that appellant is correct that this argument did not need to be preserved at trial,[2] we nevertheless overrule his issue.

The retroactive laws provision of the Texas Constitution operates only to prohibit the application of laws that disturb vested, substantive rights. *Ibarra v.*

---

[2]This appears to be one of those rare circumstances in which determination of preservation requires a review of the merits, i.e., to determine if appellant's complaint actually implicates the Texas constitution's prohibition against retroactive laws—and, thus, involves a potential systemic requirement— we must determine if the trial court's complained of action violates that prohibition. *See Lopez v. State*, 928 S.W.2d 528, 534 (Tex. Crim. App. 1996) (explaining that law violates ex post facto prohibitions in federal and state constitutions if it "deprives one charged with a crime of any defenses that were available when the act was committed").

4

*State*, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999), *cert. denied*, 531 U.S. 828 (2000). Laws altering procedure do not generally fall within the prohibition. *Id.* "Procedure" refers to changes in the process by which a criminal case is adjudicated as opposed to changes in the substantive law of crimes. *Ex parte Scales*, 853 S.W.2d 586, 588 (Tex. Crim. App. 1993). Procedural statutes and rules control pending litigation from their effective date, absent an express provision to the contrary. *Boyle v. State*, 820 S.W.2d 122, 144 (Tex. Crim. App. 1991) (op. on reh'g), *cert. denied*, 503 U.S. 921 (1992); *Musgrove*, 82 S.W.3d at 38.

The order approving the revisions to the Texas Rules of Evidence stated that the amended rules took effect March 1, 1998 and were to "apply to all proceedings on or after that date." *See Musgrove*, 82 S.W.3d at 39 (citing Court Order on Final Approval of Revisions to the Texas Rules of Evidence, printed in 61 Tex. Bar J. 373 (Apr. 1998)).

We agree with the San Antonio Court of Appeals's reasoning in *Musgrove*, in which the appellant made a similar argument to the one appellant makes here:

> Because current Rule 606(b) was in effect at the time of the defendant's new trial hearing, it was applicable as a procedural provision and the trial court was bound to follow it during the hearing.
>
> The defendant attempts to circumvent such a conclusion by arguing that the retroactive application of current Rule 606(b) disturbs his substantive right to appellate review of his complaint. Although the defendant has a vested, substantive right to legislatively-granted appellate review, he has no vested right in the procedural mechanisms for reviewing his conviction or punishment.

5

> Therefore, the trial court's application of the current version of the rule did not violate the Texas Constitution's prohibition of retroactive laws, and did not violate the defendant's due process rights.

*Id.* (citations omitted); *see also Janecka v. State*, 937 S.W.2d 456, 460–61 (Tex. Crim. App. 1996) (holding that application of evidentiary rule that was not in effect at time of murder but which did not affect defendant's notice of the criminal nature of his actions or otherwise violate ex post facto clause did not violate constitutional prohibition against retroactive laws), *cert. denied*, 522 U.S. 825 (1997).

Appellant contends that the application of rule 606(b) here "directly impairs [his] substantive right to not have his failure to testify held against him because when [he] chose not to testify . . . the jury held that against him." In other words, appellant contends he had a vested right to a new trial based on the information in the juror's affidavit. But the procedural mechanisms for reviewing a conviction are not vested, substantive rights; therefore, even if an appellant would be entitled to relief on appeal—or, here, a new trial—under a prior rule but not under a current one, the constitutional prohibition against retroactive laws would not be violated. *See Fowler v. State*, 991 S.W.2d 258, 259, 261 (Tex. Crim. App. 1999) (holding that change in harm rules of appellate procedure, which had the effect of changing outcome of appeal under current version, did not violate prohibition against retroactive laws).

Accordingly, we overrule appellant's sole issue on appeal and affirm the trial court's judgment.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

WALKER, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 16, 2013