PD-0974-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/5/2015 10:30:31 PM
Accepted 11/9/2015 7:30:00 AM
ABEL ACOSTA
CLERK

**No. PD-0974-15**

**IN THE**
**COURT OF CRIMINAL APPEALS**
**OF**
**TEXAS**

---

**OLIN ANTHONY ROBINSON,**
**Petitioner,**

**vs.**

**THE STATE OF TEXAS,**
**Respondent.**

---

**Petition in Cause No. 05-05-7221 from the**
**24th Judicial District Court of Jackson County, Texas**
**and the Court of Appeals for the Thirteenth Supreme Judicial District**
**of Texas in Cause No. 13-13-00571-CR**

---

**BRIEF OF PETITIONER ON THE MERITS**

---

**WILLIE & ASSOCIATES, P.C.**

**Joseph R. Willie, II, D.D.S., J.D.**
**4151 Southwest Freeway, Suite 490**
**Houston, Texas 77027**
**(713) 659-7330**
**(713) 599-1659 (FAX)**
**SBOT# 21633500**
**attyjrwii@wisamlawyers.com**

**ATTORNEY FOR PETITIONER**
**OLIN ANTHONY ROBINSON**

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final order, as well as the names and addresses of all trial and appellate counsel.

PARTIES                                          COUNSEL

Petitioner:
Olin Anthony Robinson                            Willie & Associates, P.C.
                                                 Joseph R. Willie, II, D.D.S., J.D.
                                                 4151 Southwest Freeway, Suite 490
                                                 Houston, Texas 77027
                                                 Trial and Appellate Counsel for Petitioner

Trial Court:
The Honorable Kemper Stephen Williams, III
Presiding via assignment
24th Judicial District Court
Jackson County, Texas

Respondent:
The State of Texas                               Law Offices of Jim Vollers
                                                 Jim Vollers, Esquire
                                                 2201 Westover Road
                                                 Austin, Texas 78703
                                                 Appellate Counsel for Respondent

                                                 Jackson County District Attorney's Office
                                                 Robert E. Bell, Esquire
                                                 Jackson County District Attorney
                                                 115 W. Main Street, Room 205
                                                 Edna, Texas 77957
                                                 Trial Counsel for Respondent

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    vi

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    vi

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

I.  The Court of Appeals erred in reversing the order of the trial court due to
    the fact that the Court of Appeals erred in its statutory construction of TEX.
    CODE CRIM. PROC. art. 41.12, § 6 versus the specific provisions contained
    in TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2 . . . . . .    3

II. The Court of Appeals erred in reversing the trial court's order due to the
    fact that the Court of Appeals violated TEX. R. APP. P. 47.1 by not
    addressing the Petitioner's contention that TEX. CODE CRIM. PROC. art.
    44.29(a), (b) and TEX. R. APP. P. 43.2 controlled the disposition of this
    appellate litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

III. The Court of Appeals did not have the subject-matter jurisdiction to
     entertain a direct appeal from a trial court granting continuing jurisdiction
     community supervision . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

# INDEX OF AUTHORITIES

Page(s)

**CASES:**

*Basaldua v. State,*
558 S.W.2d 2 (Tex. Crim. App. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 10

*Boykin v. State,*
818 S.W.2d 782 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

*Ex parte Dotson,*
76 S.W.3d 393 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2, 4

*Grimes v. State,*
807 S.W.2d 582 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

*Houlihan v. State,*
579 S.W.2d 213 (Tex. Crim. App. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 10

*Keehn v. State,*
233 S.W.3d 348 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2, 8

*Leos v. State Emp. Workers' Comp. Div.,*
734 S.W.2d 341 (Tex. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

*Lone Star Gas Co. v. Railroad Commission,*
767 S.W.2d 709 (Tex. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2, 8

*Musgrove v. State,*
82 S.W.3d 34 (Tex. App.--San Antonio
2002, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2, 6

*McNatt v. State,*
188 S.W.3d 198 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2, 5

*Pippin v. State,*
271 S.W.3d 861 (Tex. App.--Amarillo
2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

*Roberts v. State,*
No. 04-10-00558-CR, 2010 WL 4523788
(Tex. App.--San Antonio Nov. 10, 2010, pet. ref'd) . . . . . . . . . . . . . . . . . . . . .    10

# INDEX OF AUTHORITIES (cont'd)

Page(s)

*Sanders v. State,*
      832 S.W.2d 719 (Tex. App.--Austin
      1992, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*State v. Hardy,*
      963 S.W.2d 516 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*State v. Robinson,*
      No. 13-12-00121-CR, 2013 WL 1188101
      (Tex. App.--Corpus Christi Mar. 21, 2013, pet. ref'd) . . . . . . . . . . . . . . . . . 3

*State v. Robinson,*
      No. 13-13-00571-CR, 2014 WL 4401523
      (Tex. App.--Corpus Christi Aug. 26, 2014, pet. granted) . . . . . . . . . . . . . . . 1


## CONSTITUTIONS:

U.S. CONST. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. CONST., art. I, § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. CONST., art. I, § 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*


## RULES AND STATUTES:

TEX. R. APP. P. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. R. APP. P. 43.2(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. R. APP. P. 47.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. CODE CRIM. PROC. art. 41.12, § 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

TEX. CODE CRIM. PROC. art.44.29(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. CODE CRIM. PROC. art.44.29(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## STATEMENT OF THE CASE

*Nature of the Case:*                This is an appeal brought by the State of
                                     Texas with regard to the trial court's
                                     granting of "shock probation" to the
                                     Defendant, Olin Anthony Robinson.

*Trial Court:*                       The Honorable Kemper S. Williams, III,
                                     Presiding via assignment,
                                     24th Judicial District Court,
                                     Jackson County, Texas.

*Parties in the Court of Appeals:*   The State of Texas – Appellant;
                                     Olin Anthony Robinson – Appellee.

*Court of Appeals:*                  Court of Appeals for the Thirteenth Supreme
                                     Judicial District of Texas; Opinion by
                                     Justice Garza joined by Justices Rodriguez
                                     and Benavides; *State v. Robinson,* No. 13-
                                     13-00571-CR (Tex. App.--Corpus Christi
                                     Aug.26, 2014, pet. granted).

*Court of Appeals' Disposition:*     Order of the trial court reversed and case
                                     dismissed for want of jurisdiction.


## ISSUES PRESENTED

The Court of Appeals erred in reversing the order of the trial court due to
the fact that the Court of Appeals erred in its statutory construction of TEX.
CODE CRIM. PROC. art. 41.12, § 6 versus the specific provisions contained
in TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2.

The Court of Appeals erred in reversing the trial court's order due to the
fact that the Court of Appeals violated TEX. R. APP. P. 47.1 by not
addressing the Petitioner's contention that TEX. CODE CRIM. PROC. art.
44.29(a), (b) and TEX. R. APP. P. 43.2 controlled the disposition of this
appellate litigation.

The Court of Appeals did not have the subject-matter jurisdiction to
entertain a direct appeal from a trial court granting continuing jurisdiction
community supervision.

## STATEMENT OF FACTS

It is uncontroverted and undisputed that the Petitioner **timely** filed his motion for continuing jurisdiction community jurisdiction and it is also uncontroverted and undisputed that the trial court **timely** held a hearing and granted the motion. The State complained that it was not given the opportunity for a full evidentiary hearing and appealed the ruling of the trial court. On the first appeal, the Court of Appeals remanded the case to the trial court to afford the State a full evidentiary hearing. *See, e.g., State v. Robinson,* No. 13-12-00121-CR, 2013 WL 1188101, at \*2 (Tex. App.--Corpus Christi Mar. 21, 2013, pet. ref'd). The trial court complied with the Court of Appeals' mandate and, after affording the State a full evidentiary hearing, again granted the motion for shock probation. The State brought this present appeal claiming that the trial court did not have the jurisdiction to enter the order granting shock probation after remand and the Court of Appeals issued its opinion and judgment agreeing with the premise of the State. *See State v. Robinson,* No. 13-13-00571-CR, 2014 WL 4401523 (Tex. App.--Corpus Christi Aug.26, 2014, pet. granted).

On July 28, 2015, the Petitioner filed his Petition for Discretionary Review with the Court of Criminal Appeals of Texas. On November 4, 2015, this Court granted the Petition for Discretionary Review.

## SUMMARY OF THE ARGUMENT

When a Court of Appeals reverses and remands a case for proceedings consistent with its opinion, the parties are placed in the same position at the time they were before the appeal. *See McNatt v. State,* 188 S.W.3d 198 (Tex. Crim. App. 2006); *Musgrove v. State,* 82 S.W.3d 34 (Tex. App.--San Antonio 2002, pet. ref'd); Tex. R. App. P. 43.2(d); TEX. CODE CRIM. PROC. art. 44.29(a), (b). Statutory construction requires that the above-referenced statute and rule be given their "plain meaning" and a specific statute and rule will control over a general statute and rule. *See Ex parte Dotson,* 76 S.W.3d 393 (Tex. Crim. App. 2002).

A Court of Appeals is obligated to address an issue that has been properly assigned and briefed and is not at liberty to ignore the issue when adjudicating an appeal. *See Keehn v. State,* 233 S.W.3d 348 (Tex. Crim. App. 2007); *Lone Star Gas Co. v. Railroad Commission,* 767 S.W.2d 709 (Tex. 1989); TEX. R. APP. P. 47.1.

There is no constitutional authority or statutory authority permitting a direct appeal from an order granting or denying continuing jurisdiction community supervision ("shock probation"). *See Houlihan v. State,* 579 S.W.2d 213 (Tex. Crim. App. 1979); *Basaldua v. State,* 558 S.W.2d 2 (Tex. Crim. App. 1977).

## ARGUMENT AND AUTHORITIES

**I.     The Court of Appeals erred in reversing the order of the trial court due to the fact that the Court of Appeals erred in its statutory construction of TEX. CODE CRIM. PROC. art. 41.12, § 6 versus the specific provisions contained in TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2.**

The Court of Appeals' interpretation of TEX. CODE CRIM. PROC. art. 41.12, § 6 is in direct conflict with the specific provisions contained in TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d) and stands the doctrine of statutory construction "on its head."

It is uncontroverted and undisputed that the Petitioner timely filed his motion for shock probation and it is also uncontroverted and undisputed that the trial court timely held a hearing and granted the motion. The State complained that it was not given the opportunity for a full evidentiary hearing and appealed the ruling of the trial court. On the first appeal, the Court of Appeals remanded the case to the trial court to afford the State a full evidentiary hearing. *See, e.g., State v. Robinson,* No. 13-12-00121-CR, 2013 WL 1188101, at \*2 (Tex. App.--Corpus Christi Mar. 21, 2013, pet. ref'd). The trial court complied with the Court of Appeals' mandate and, after affording the State a full evidentiary hearing, granted the motion for shock probation. The State brought this present appeal claiming that the trial court did not have the jurisdiction to enter the order granting shock

probation after remand. The Court of Appeals issued its opinion agreeing with the premise of the State. It is the Petitioner's contention that the Court of Appeals' opinion violates the doctrine of statutory construction and in the process violates the doctrine of *stare decisis* and violates the Equal Protection and Due Process Rights of the Appellee guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

The Court in *Ex parte Dotson,* 76 S.W.3d 393, 395 (Tex. Crim. App. 2002), held:

> One of our general rules of statutory construction is that <u>a more specific statute</u> or <u>rule will prevail over a more general one</u>. (Citation omitted.)

(Emphasis added.)

The Petitioner contends that TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d) are a specific statute and rule which directly control the issue in the case at bar and they are both outcome determinative.

The Court in *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991), succinctly and unambiguously held:

> When we interpret statutes . . ., we seek to effectuate the "collective" intent or purpose of the legislators who enacted the legislation. (Citation omitted.) We do so because our state constitution

4

assigns the law *making* function to the Legislature while assigning the law *interpreting* function to the Judiciary. (Citation omitted.)

When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the <u>literal text of the statute</u> in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. . . . We focus on the literal text also because the text is the only *definitive* evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law. . . . Yet a third reason for focusing on the literal text is that the legislature is *constitutionally entitled* to expect the Judiciary will faithfully follow the specific text that was adopted.

Thus, if the meaning of the statutory text, when read using the established canons of statutory construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning.

(Emphasis added.)

The Court of Appeals was required to give TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d) their "plain meaning." Moreover, the Court of Appeals is required, under the doctrine of *stare decisis*, to interpret the statute and rule as announced by the Court of Criminal Appeals of Texas. The Court in *McNatt v. State,* 188 S.W.3d 198, 201 (Tex. Crim. App. 2006), held:

When a court of appeals reverses and remands a case to the trial court <u>without instructions to render a specific judgment, the effect is to restore the parties to the same situation as that in which they were before the appeal</u>.

(Emphasis added.) *See also Grimes v. State,* 807 S.W.2d 582, 583 (Tex. Crim. App. 1991); *Musgrove v. State,* 82 S.W.3d 34, 37 (Tex. App.--San Antonio 2002, pet. ref'd).

The Court of Appeals did not and cannot cite to a case from the Court of Criminal Appeals of Texas which would allow and uphold the contentions of the State after the Court of Appeals remanded the case back to the trial court. The cases cited by the Court of Appeals to buttress its opinion are totally inapplicable as a matter of law.

The Court of Criminal Appeals of Texas has, on more than one occasion, interpreted and construed the "plain meaning" of TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d). The interpretation, or lack thereof, by the Court of Appeals of the aforementioned statute and rule is anathema to the interpretation by the Court of Criminal Appeals of Texas and such interpretation violates the doctrine of *stare decisis* in the process.

The Court in *State v. Hardy,* 963 S.W.2d 516, 523 (Tex. Crim. App. 1998), held:

> When the legislature meets, after a particular statute has been judicially construed, without changing that statute, we presume the Legislature intended the same construction should continue to be applied to that statute.

TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d), by the Court of Appeals' remand without instructions, restored the Petitioner's case to its *legal status* before the first hearing and does not freeze the case in point of time and the time limitations imposed by TEX. CODE CRIM. PROC. art. 42.12, § 6 are totally not applicable to a hearing on remand, as interpreted by the Court of Criminal Appeals of Texas. *See also Sanders v. State,* 832 S.W.2d 719, 722 (Tex. App.--Austin 1992, no pet.). If the intent is clear, the court's responsibility is to interpret the statute as intended by the legislature, even when the legislature's intent is to overrule a court's own previous opinion. *Leos v. State Emp. Workers' Comp. Div.,* 734 S.W.2d 341, 343 (Tex. 1987).

The Court of Appeals has incorrectly interpreted the "plain meaning" of TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d) when juxtaposed with TEX. CODE CRIM. PROC. art. 42.12, § 6 and in so doing has violated the Equal Protection and Due Process Rights of the Petitioner as well as violating the doctrine of *stare decisis.* The opinion and judgment of the Court of Appeals should be reversed and the order of the trial court should be affirmed.

**II.** **The Court of Appeals erred in reversing the trial court's order due to the fact that the Court of Appeals violated TEX. R. APP. P. 47.1 by not addressing the Petitioner's contention that TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2 controlled the disposition of this appellate litigation.**

In its opinion, the Court of Appeals completely ignored and refused to address the Petitioner's contention that TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d) control whether the trial court had the requisite subject-matter jurisdiction to entertain the Petitioner's motion for shock probation on remand. That issue was briefed on pages 1-3 of the Brief of Appellee in the Court of Appeals below. The Court of Appeals did not have the authority to not adjudicate an issue that was properly briefed and before the Court of Appeals.

The Supreme Court of Texas in *Lone Star Gas Co. v. Railroad Commission,* 767 S.W.2d 709, 710-711 (Tex. 1989), succinctly and unambiguously held:

> "The court of appeals is obliged to 'address every issue raised and necessary to final disposition of the appeal.' . . . The courts of appeals are not at liberty to disregard them. [T]he rules do mandate full consideration of all issues raised to move the case as far as possible toward final disposition."

(Emphasis added.) *See also* TEX. R. APP. P. 47.1.

The Court of Criminal Appeals of Texas in *Keehn v. State,* 233 S.W.3d 348, 349 (Tex. Crim. App. 2007), completely adopted the Supreme Court of Texas'

8

interpretation and rationale concerning TEX. R. APP. P. 47.1. The Court of Appeals violated the doctrine of *stare decisis* and has violated the Due Process Rights of the Appellant guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 19 of the Texas Constitution by not addressing merits of the issue. The opinion and judgment of the Court of Appeals should be reversed and remanded with instructions to address of the Petitioner's issue.

## III. The Court of Appeals did not have the subject-matter jurisdiction to entertain a direct appeal from a trial court granting continuing jurisdiction community supervision.

It is uncontroverted and undisputed that the State of Texas, by and through the Jackson County District Attorney's Office, brought forth a **direct appeal** of the order of the trial court granting continuing jurisdiction community supervision ("shock probation") to the Petitioner. This action by the State not only violates the doctrine of *stare decisis*, its action violates the Equal Protection and Due Process Rights of the Petitioner guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

It is well-settled Texas law that there is **no** constitutional or statutory authority permitting a direct appeal from an order granting or denying "shock probation" or from an order modifying or refusing to modify the conditions of "shock probation." *See, e.g., Houlihan v. State,* 579 S.W.2d 213, 215-216 (Tex. Crim. App. 1979); *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). *See*

9

*also Pippin v. State,* 271 S.W.3d 861, 863-864 (Tex. App.--Amarillo 2009, no pet.); *Roberts v. State,* No. 04-10-00558-CR, 2010 WL 4523788, at *1-2 (Tex. App.--San Antonio Nov. 10, 2010, pet. ref'd).

Unless and/or until the Court of Criminal Appeals of Texas overrules its holdings in *Houlihan, Basaldua,* and their progeny, the Court of Appeals was and is bound by those decisions under the doctrine of *stare decisis*. The Court of Appeals did not have the requisite subject-matter jurisdiction nor did it have the legal authority to adjudicate the State's appeal. To repeat, there is no case, constitutional provision and/or statute to confer subject-matter jurisdiction over the State's direct appeal. The State's appeal should have been dismissed for want of jurisdiction. The opinion and judgment of the Court of Appeals should be reversed and the order of the trial court should be affirmed.

## **PRAYER**

For the foregoing reasons, Petitioner, Olin Anthony Robinson, requests that the Court reverse the judgment of the Court of Appeals and enter judgment affirming the order of the trial court in Cause No. 05-05-7221 or, in the alternative, reverse the judgment of the Court of Appeals and remand the case to the Court of Appeals to address the merits of the unadjudicated issue presented by the Petitioner in this appeal.

10

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.


By:/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
(713) 659-7330
(713) 599-1659 (FAX)
SBOT# 21633500
attyjrwii@wisamlawyers.com

ATTORNEY FOR PETITIONER
OLIN ANTHONY ROBINSON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to Robert E. Bell, Jackson County District Attorney, 115 W. Main Street, Room 205, Edna, Texas 77957 and the State Prosecuting Attorney, P.O. Box 12405, Capitol Station, Austin, Texas 78711, on the 5th day of November, 2015.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

## CERTIFICATE OF COMPLIANCE

I certify that the Brief of Petitioner on the Merits submitted complies with TEX. R. APP. P. 9 and the word count of this document is 2,336. The word processing software used to prepare the document and to calculate the word count is Windows 7.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

11