ACCEPTED
03-13-00502-CV
4154858
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/14/2015 1:39:43 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00502-CV

IN THE
COURT OF APPEALS
FOR THE
THIRD SUPREME JUDICIAL DISTRICT
OF
TEXAS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

2/17/2015 12:00:00 AM

JEFFREY D. KYLE
Clerk

**RODERICK LEE MITCHELL, M.D.**
**Appellant,**

**vs.**

**TEXAS MEDICAL BOARD,**
**Appellee.**

**Appeal from the 126th Judicial District Court**
**of Travis County, Texas**

**MOTION FOR REHEARING *EN BANC***

**TO THE HONORABLE COURT OF APPEALS:**

RODERICK LEE MITCHELL, M.D., Appellant in this cause, makes this Motion for Rehearing *En Banc* of the judgment of a panel of this Court rendered on February 4, 2015, and in support of said motion would respectfully show the Court the following:

I.

1. Point of Error: The panel of the Court of Appeals erred in affirming the trial court's judgment on the basis that that final agency order is the equivalency of a trial court judgment or order.

2.      Argument and Authorities: Although the panel of this Court, on Slip Op., p.6, makes the assertion that a final agency order reciting that proper notice was given is to be treated like a recitation in a trial court judgment and/or order, the panel cites no case law or statutory law to buttress its position and the Appellant contends that the panel cannot fashion such a doctrine by judicial fiat. *See MCI Sales and Service, Inc. v. Hinton,* 329 S.W.3d 474, 503 (Tex. 2010); *Fortis Benefits v. Cantu,* 234 S.W.3d 642, 649 n.41 (Tex. 2007) (noting that court's should not by judicial fiat insert non-existent language into statutes"). This holding by the panel totally violates the doctrine of *stare decisis* and cannot allowed to birth further progeny.

The conclusions that the panel of this Court reached concerning service as a result of the flawed doctrine of "judicial fiat" violated the Equal Protection and Due Process Rights of the Appellant guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution. As far as record references to sustain the Appellant's position challenging the lack of service, Pages 2 and 3 of the Brief of Appellant and Pages 5-7 of the Reply Brief of Appellant gave the panel of this Court the correct citations to the appellate record to more than sustain the Appellant's argument. The Appellant incorporates by reference the Brief of Appellant and Reply Brief of Appellant the same as if fully set out at length herein.

II.

1.      Point of Error: The panel of the Court of Appeals erred in affirming the trial court's judgment on the basis that that after receiving the Board's letter on November 9, 2012, Attorney Washington never made a request for an extension of time to file exceptions to the Proposal for Decision.

2.      Argument and Authorities: The Plaintiff had only has fifteen (15) days from the time the Proposal for Decision was forwarded to the Appellee to file a response. That requirement is jurisdictional. *See* 22 TEX. ADMIN. CODE § 107.50. On November 8, 2012, it is alleged that Attorney Washington was notified that the Board would consider the Proposal for Decision on November 30, 2012. This Court, *en banc*, is requested to take judicial notice that the November 8, 2012 date of the letter and the November 30, 2012 date of notice for consideration of the Proposal for Decision are long after the deadline expired for responding to the Proposal for Decision.[1] Lastly, the November 8, 2012 letter specifically and unambiguously states that, "The Board will not listen to or consider new or additional testimony or matters which are not in the record." (C.R. 97.) *See also* 22 TEX. ADMIN. CODE § 107.49. That statement is a judicial admission by the Appellee and for the panel of the Court to intimate that the Appellant could make a presentation and/or rebuttal to the Proposal for Decision at that late date stretches credulity to its very limits. The Appellant's Equal Protection and Due Process Rights were violated by not being properly served, thus not allowing him his statutory right to respond and rebut the Proposal for Decision. Once again, the panel of the Court has used "judicial fiat" to craft a doctrine and decision which is contrary to the applicable statutory authority. *See MCI Sales; Fortis Benefits, supra.*

Pursuant to TEX. R. APP. P. 47.1, the panel of this Court should have addressed both of the Appellant's issues presented in this appeal and the panel did not have the authority to ignore them. This Court, *en banc*, is respectfully requested to correct this injustice. *See, e.g., Lone Star Gas Co. v. Railroad Commission,* 767 S.W.2d 709, 710-711 (Tex. 1989).

WHEREFORE, PREMISES CONSIDERED, Appellant requests that the Court, *en banc*, grant this motion, that the Court, *en banc*, vacate the opinion and judgment of the panel, that the

---

[1] The time that elapsed from October 1, 2012 to November 8, 2012 is thirty-nine (39) days.

judgment of the trial court be reversed, that the Final Order of the Texas Medical Board be reversed and remand the case with instructions to allow the Appellant to respond to the Proposal for Decision.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.

By:/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
(713) 659-7330
(713) 599-1659 (FAX)
SBOT# 21633500
attyjrwii@wisamlawyers.com

ATTORNEY FOR APPELLANT
RODERICK LEE MITCHELL, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to Ted A. Ross, Assistant Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, on the 14th day of February, 2015.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

## CERTIFICATE OF COMPLIANCE

I certify that the Motion for Rehearing *En Banc* submitted complies with TEX. R. APP. P. 9 and the word count of this document is 793. The word processing software used to prepare the document and to calculate the word count is Windows 7.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.