ACCEPTED
03-13-00502-CV
4916661
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/16/2015 1:25:40 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00502-CV

IN THE
COURT OF APPEALS
FOR THE
THIRD SUPREME JUDICIAL DISTRICT
OF
TEXAS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

4/16/2015 1:25:40 PM

JEFFREY D. KYLE
Clerk

RODERICK LEE MITCHELL, M.D.
Appellant,

vs.

TEXAS MEDICAL BOARD,
Appellee.

Appeal from the 126th Judicial District Court
of Travis County, Texas

**MOTION FOR REHEARING *EN BANC***

TO THE HONORABLE COURT OF APPEALS:

RODERICK LEE MITCHELL, M.D., Appellant in this cause, makes this Motion for Rehearing *En Banc* of the judgment of a panel of this Court rendered on April 15, 2015, and in support of said motion would respectfully show the Court the following:

I.

1.      Point of Error:  The panel of the Court of Appeals erred in basing its opinion on the fact that the Appellant attended the contested case hearing below.

2.      Argument and Authorities: The fact that the Appellant attended the contested case hearing below is not and has not been the issue the Appellant has sought review in this Court and in the trial court below. The issue is that neither the Appellant nor his attorney of record, Craig Washington, was properly served with the Proposal for Decision in time to properly file any objections to the proposal. Being timely served is a matter of Due Process under both the United States and Texas Constitution. Such an error by Administrative Judge Roy Scudday, concerning service, meets all of the criteria of TEX. GOV'T CODE § 2001.174.

Pursuant to 1 TEX. ADMIN. CODE § 155.3(g), TEX. R. CIV. P. 21a must be harmonized with 1 TEX. ADMIN. CODE § 155.507(b), since service of the Proposal for Decision was challenged in the trial court and in the Motion for Rehearing before the Texas Medical Board.

The panel, in its opinion, has impermissibly shifted the burden of proof concerning service. This Court is requested to take judicial notice that the Proposal for Decision does not contain a certificate of service. Once service has been challenged, the burden is on Judge Scudday and the Texas Medical Board to show valid service of the Proposal for Decision. That burden does not shift to the litigant challenging service. *See Mathis v. Lockwood,* 166 S.W.3d 743, 745 (Tex. 2005); *In re E.A.,* 287 S.W.3d 1, 5 (Tex. 2009); *Wembley Inv. v. Herrera,* 11 S.W.3d 924, 927 (Tex. 1999). Neither Judge Scudday nor the Texas Medical Board offered any

evidence in the trial court below to show valid service pursuant to Supreme Court of Texas precedent that controls the matter. By not following said precedent, the Appellant's Due Process Rights have been violated thus "**vitiating**" the Proposal for Decision, the substantial evidence rule notwithstanding. *See, e.g., Lewis v. Metropolitan Savings and Loan Association,* 550 S.W.2d 11, 13-16 (Tex. 1977). TEX. R. APP. P. 47.1 required the panel to address the issue as framed by the Appellant in his briefs and motions and not to ignore or change them. *See, e.g., Lone Star Gas Co. v. Railroad Commission,* 767 S.W.2d 709, 710-711 (Tex. 1989).

## II.

1.    Point of Error: The panel of the Court of Appeals erred in affirming the trial court's judgment on the basis that that after receiving the Board's letter on November 9, 2012, Attorney Washington never made a request for an extension of time to file exceptions to the Proposal for Decision.

2.    Argument and Authorities: The Plaintiff had only has fifteen (15) days from the time the Proposal for Decision was forwarded to the Appellee to file a response. That requirement is jurisdictional. *See* 22 TEX. ADMIN. CODE § 107.50.

On November 8, 2012, it is alleged that Attorney Washington was notified that the Board would consider the Proposal for Decision on November 30, 2012. This Court, *en banc*, is requested to take judicial notice that the November 8, 2012 date of the letter and the November 30, 2012 date of notice for consideration of the Proposal for Decision are long after the deadline expired for responding to the Proposal for Decision.[1] Lastly, the November 8, 2012 letter specifically and unambiguously states that, "The Board will not listen to or consider new or additional testimony or matters which are not in the record." (C.R. 97.) *See also* 22 TEX. ADMIN. CODE § 107.49. That statement is a judicial admission by the Appellee and for the panel of the Court to intimate that the Appellant could make a presentation and/or rebuttal to the Proposal for Decision at that late date stretches credulity to its very limits. The Appellant's Equal Protection and Due Process Rights were violated by not being properly served, thus not allowing him his statutory right to respond and rebut the Proposal for Decision. The panel of the Court has used "judicial fiat" to craft a doctrine and decision which is contrary to the applicable statutory authority.

Pursuant to TEX. R. APP. P. 47.1, the panel of this Court should have addressed both the Appellant's issue as presented in this appeal and the panel did

---

[1] The time that elapsed from October 1, 2012 to November 8, 2012 is thirty-nine (39) days.

not have the authority to ignore them. This Court, *en banc*, is respectfully requested to correct this injustice. *See, e.g., Lone Star Gas Co., supra.*

WHEREFORE, PREMISES CONSIDERED, Appellant requests that the Court, *en banc*, grant this motion, that the Court, *en banc*, vacate the opinion and judgment of the panel, that the judgment of the trial court be reversed, that the Final Order of the Texas Medical Board be reversed and remand the case with instructions to allow the Appellant to respond to the Proposal for Decision.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.

By:/s/ Joseph R. Willie, II, D.D.S., J.D.
     Joseph R. Willie, II, D.D.S., J.D.
     4151 Southwest Freeway, Suite 490
     Houston, Texas 77027
     (713) 659-7330
     (713) 599-1659 (FAX)
     SBOT# 21633500
     attyjrwii@wisamlawyers.com

     ATTORNEY FOR APPELLANT
     RODERICK LEE MITCHELL, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to Ted A. Ross, Assistant Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, on the 15th day of April, 2015.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

## CERTIFICATE OF COMPLIANCE

I certify that the Motion for Rehearing *En Banc* submitted complies with TEX. R. APP. P. 9 and the word count of this document is 879. The word processing software used to prepare the document and to calculate the word count is Windows 7.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.