Guillermo **LEOS**, Petitioner,

v.

**STATE EMPLOYEES WORKERS' COMPENSATION DIVISION,** Respondent.

No. C–6389.

Supreme Court of Texas.

July 15, 1987.

John Simpson, Splawn & Simpson Law Offices, Inc., Lubbock, for petitioner.

Jim Mattox, Atty. Gen. Kent W. Johnson, Asst. Atty. Gen., Austin, for respondent.

WALLACE, Justice.

The issue in this workers' compensation case is interpretation of TEX.REV.CIV. STAT.ANN. art. 8306, sec. 12. The jury found that Leos suffered total loss of both feet for five (5) years. They also found that the loss of use was not permanent. The trial court rendered judgment for Leos for two hundred fifty (250) weeks of accrued compensation plus lifetime benefits. The court of appeals modified the judgment to award one hundred twenty five (125) weeks of compensation. We reverse the judgment of the court of appeals. We modify and, as modified, affirm the judgment of the trial court.

Article 8306, sec. 12 states, in pertinent part:

> Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one (1) member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent.

The court of appeals followed the reasoning of this court in *United States Fire & Guaranty Co. v. London*, 379 S.W.2d 299 (Tex.1964), and *Texas Employers Insurance Ass'n v. Patterson*, 144 Tex. 573, 192 S.W.2d 255 (1946) in holding that the first part of Art. 8306, sec. 12 restricts benefits to compensation for the injury producing the longest period of incapacity, and does not allow cumulation of benefits. Those cases also hold that the second part of Art. 8306, sec. 12 applies only to permanent loss of specific members and can be cumulative.

The reasoning of *Patterson* and *London* was that compensation for injury to specific body members is based on incapacity. In the event of injury to two or more specific members of the body, the benefit period can extend only for the longest period of incapacity. This reasoning ignores the plain, clear language of the statute. The second part of Art. 8306, sec. 12 clearly states that "... compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

We hold, contrary to the reasoning of *Patterson* and *London*, that the clear intent of the legislature in enacting Art. 8306, sec. 12 was to permit cumulative benefits for multiple specific injuries not to exceed 401 weeks. It is apparent that the legislature took into account a situation such as occurred here, that is, when a worker suffers injury resulting in loss of use of multiple body members for a period of time in excess of the longest period designated in the Act for loss of use of any one of those body members. The clear

wording of the Act provides for cumulative periods of incapacity in such situations. The above quoted part of the statute was intended to permit the trial court to more nearly achieve the purposes of the workers compensation laws, *i.e.,* compensation of an injured workman for the actual incapacity suffered.

We are aware of the gravity of *stare decisis* and do not lightly overrule two opinions of this court. However, our responsibility in a situation such as this is to interpret the statutes as enacted by the legislature and apply those interpretations to the facts as found by the trial court. We have done so in this case. Our responsibility is not to blindly follow prior decisions, regardless of whether they are right or wrong, but to reach the correct decision in each case. We, therefore, overrule *United States Fire & Guaranty Co. v. London,* 379 S.W.2d 299 (Tex.1964) and *Texas Employers Insurance Ass'n v. Patterson,* 144 Tex. 573, 192 S.W.2d 255 (1946).

The judgment of the court of appeals is reversed. That part of the judgment of the trial court awarding Leos compensation for 250 weeks is affirmed. That part of the trial court's judgment awarding Leos lifetime benefits is reversed.