**Jose R. REYES, Appellant,**

v.

**TRANSPORTATION INSURANCE COMPANY, Appellee.**

No. 04–89–00275–CV.

Court of Appeals of Texas, San Antonio.

Jan. 17, 1990.

Rehearing Denied Feb. 14, 1990.

_____

Frank Herrera, Jr., Herrera, Vega & Rocha, San Antonio, for appellant.

John Milano, Jr., Aimee Kolze, Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a judgment in a workers' compensation case. The Industrial Accident Board awarded Jose Reyes recovery under the Workers' Compensation Act for injuries to both hands which he sustained while employed at a meat packing plant. In a suit to set aside the award, the jury found that the injury was a producing cause of a total and temporary loss of use of both hands, finding that the loss existed 86 weeks for each hand. The jury also found that the injury produced a par-

tial and permanent loss of use of 20% in each hand beginning December 15, 1987. The trial court rendered a judgment on the jury's verdict; however, it awarded *concurrent* compensation for the total and temporary loss and *cumulative* compensation for the partial and permanent loss. The total compensation award consisted of 86 weeks of compensation for the total and temporary loss and 128 weeks of compensation for the partial and permanent loss (64 weeks for his right hand and 64 weeks for his left hand), totalling $8,086.76. The portion of the award representing the partial and permanent loss is not contested.

Appellant's sole point of error is that the trial court erred in refusing to award cumulative benefits for the temporary and total loss of use of both hands. Appellant tendered a proposed judgment which would have awarded these cumulative benefits, and argues that it was in conformity with TEX.REV.CIV.STAT.ANN. art. 8306, § 12 (Vernon Supp.1989), as interpreted by the Supreme Court in *Leos v. State Employees Workers' Compensation Div.*, 734 S.W.2d 341 (Tex.1987). Article 8306, § 12 states in pertinent part:

> Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this Section shall not affect liability for the concurrent loss ... of more than one (1) member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent.

In *Leos,* the Supreme Court was confronted with a claimant suffering from a total and temporary loss of use of both feet for 250 weeks. The trial court had awarded compensation for the entire amount of time. The court of appeals modified the judgment to award only 125 weeks of compensation, in conformity with prior interpretations of article 8306, § 12 that a claimant with concurrent multiple specific injuries is restricted to receiving compensation only for the injury producing the longest period of incapacity. *See United States*

*Fidelity & Guar. Co. v. London,* 379 S.W.2d 299 (Tex.1964); *Texas Employers Ins. Ass'n v. Patterson,* 144 Tex. 573, 192 S.W.2d 255 (1946). The Supreme Court overruled these prior decisions and found that for concurrent multiple specific injuries, a claimant is entitled to cumulative benefits, not to exceed 401 weeks. *Leos,* 734 S.W.2d at 342; *See also City of Austin v. Miller,* 767 S.W.2d 284 (Tex.App.—Austin 1989, writ denied) (setting forth the procedural history and holding of *Leos* ). It stated that the clear wording of the statute provides for cumulative periods of incapacity in order to achieve the Act's purpose of compensating an injured worker for the actual incapacity suffered. *Leos,* 734 S.W.2d at 342–43. In overruling these decisions, the Supreme Court recognized that compensation for these types of injuries is not restricted to the longest period of incapacity.

In the instant case, appellant suffered concurrent injuries to both hands. Under the Workers' Compensation Act, loss of use of a hand is a specific injury. TEX.REV. CIV.STAT.ANN. art. 8306, § 12 (Vernon Supp.1989). Consequently, appellant's loss of use of both hands constituted concurrent multiple specific injuries, as contemplated by the Act and the case law. We find that the trial court erred in awarding concurrent benefits for the period of time during which appellant's injuries resulted in a total and temporary loss of use since "compensation for specific injuries ... shall be cumulative as to time and not concurrent." TEX.REV.CIV.STAT.ANN. art. 8306, § 12 (Vernon Supp.1989). Since the jury found appellant to be entitled to 86 weeks of compensation for the total and temporary loss of use of each hand, we hold he is therefore entitled to the cumulative award of 172 weeks of benefits for this loss.

Accordingly, the judgment is ordered reformed to reflect this modification.

As modified, the judgment is affirmed.