PD-0974-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/28/2015 5:49:16 PM
Accepted 7/29/2015 11:43:56 AM
ABEL ACOSTA
CLERK

No._____

**IN THE
COURT OF CRIMINAL APPEALS
OF
TEXAS**

**OLIN ANTHONY ROBINSON,**
**Petitioner,**

**vs.**

**THE STATE OF TEXAS,**
**Respondent.**

**Petition in Cause No. 05-05-7221 from the
24th Judicial District Court of Jackson County, Texas
and the Court of Appeals for the Thirteenth Supreme Judicial District
of Texas in Cause No. 13-13-00571-CR**

**PETITION FOR DISCRETIONARY REVIEW**

**WILLIE & ASSOCIATES, P.C.**

**Joseph R. Willie, II, D.D.S., J.D.**
**4151 Southwest Freeway, Suite 490**
**Houston, Texas 77027**
**(713) 659-7330**
**(713) 599-1659 (FAX)**
**SBOT# 21633500**
**attyjrwii@wisamlawyers.com**

FILED IN
COURT OF CRIMINAL APPEALS

July 29, 2015

ABEL ACOSTA, CLERK

**ATTORNEY FOR PETITIONER
OLIN ANTHONY ROBINSON**

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court's final order, as well as the names and addresses of all trial and appellate counsel.

PARTIES                                          COUNSEL

Petitioner:
Olin Anthony Robinson                            Willie & Associates, P.C.
                                                 Joseph R. Willie, II, D.D.S., J.D.
                                                 4151 Southwest Freeway, Suite 490
                                                 Houston, Texas 77027
                                                 Trial and Appellate Counsel for Petitioner


Trial Court:
The Honorable Kemper Stephen Williams, III
Presiding via assignment
24th Judicial District Court
Jackson County, Texas


Respondent:
The State of Texas                               Law Offices of Jim Vollers
                                                 Jim Vollers, Esquire
                                                 2201 Westover Road
                                                 Austin, Texas 78703
                                                 Appellate Counsel for Respondent

                                                 Jackson County District Attorney's Office
                                                 Robert E. Bell, Esquire
                                                 Jackson County District Attorney
                                                 115 W. Main Street, Room 205
                                                 Edna, Texas 77957
                                                 Trial Counsel for Respondent

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     v

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . .     vii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     viii

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . .     viii

GROUND FOR REVIEW NO. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

    The Court of Appeals erred in reversing the order of the trial court on
    the basis that the trial court lacked the jurisdiction to enter the order
    of "shock probation" after remand from the Court of Appeals.

REASONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

GROUND FOR REVIEW NO. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

    The Court of Appeals erred in reversing the trial court's order on the basis
    that the trial court lacked subject-matter jurisdiction over the Petitioner's
    motion for "shock probation" after remand.

REASONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

GROUND FOR REVIEW NO. 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     7

    The Court of Appeals did not have the subject-matter jurisdiction to
    entertain a direct appeal from a trial court granting continuing
    jurisdiction community supervision.

REASONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     7

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     10

APPENDIX

## TABLE OF CONTENTS (cont'd)

Appendix 1 – Opinion of the Court of Appeals rendered on August 29, 2014.

Appendix 2 – Order of the Court of Appeals denying the Motion for Rehearing *En Banc* rendered on July 27, 2015.

# INDEX OF AUTHORITIES

Page(s)

**CASES:**

*Basaldua v. State,*
     558 S.W.2d 2 (Tex. Crim. App. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Boykin v. State,*
     818 S.W.2d 782 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Ex parte Dotson,*
     76 S.W.3d 393 (Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

*Grimes v. State,*
     807 S.W.2d 582 (Tex. Crim. App. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Houlihan v. State,*
     579 S.W.2d 213 (Tex. Crim. App. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Keehn v. State,*
     233 S.W.3d 348 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Leos v. State Emp. Workers' Comp. Div.,*
     734 S.W.2d 341 (Tex. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Lone Star Gas Co. v. Railroad Commission,*
     767 S.W.2d 709 (Tex. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Musgrove v. State,*
     82 S.W.3d 34 (Tex. App.--San Antonio
     2002, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*McNutt v. State,*
     188 S.W.3d 198 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Pippin v. State,*
     271 S.W.3d 861 (Tex. App.--Amarillo
     2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

*Roberts v. State,*
     No. 04-10-00558-CR, 2010 WL 4523788
     (Tex. App.--San Antonio Nov. 10, 2010, pet. ref'd) . . . . . . . . . . . . . . . . . . . . .   8

# INDEX OF AUTHORITIES (cont'd)

Page(s)

*Sanders v. State,*
832 S.W.2d 719 (Tex. App.--Austin
1992, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*State v. Hardy,*
963 S.W.2d 516 (Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*State v. Robinson,*
No. 13-12-00121-CR, 2013 WL 1188101
(Tex. App.--Corpus Christi Mar. 21, 2013, pet. ref'd) . . . . . . . . . . . . . . . . . 1


## CONSTITUTIONS:

U.S. CONST. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 7, 8

TEX. CONST., art. I, § 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8

TEX. CONST., art. I, § 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 7, 8


## RULES AND STATUTES:

TEX. R. APP. P. 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TEX. R. APP. P. 43.2(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. R. APP. P. 47.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEX. CODE CRIM. PROC. art. 41.12, § 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

TEX. CODE CRIM. PROC. art.44.29(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

TEX. CODE CRIM. PROC. art.44.29(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

## STATEMENT REGARDING ORAL ARGUMENT

Due to the fact that the Thirteenth Court of Appeals' decision conflicts with prior decisions of this Court and with the decisions of the Third, Fourth and Seventh Courts of Appeals on the very same issues as set forth in the Petition for Discretionary Review and that the current state of the law on these issues needs final clarification from this Court, the Petitioner, Olin Anthony Robinson, requests oral argument in this case.

## STATEMENT OF THE CASE

*Nature of the Case:*                                    This is an appeal brought by the State of Texas with regard to the trial court's granting of "shock probation" to the Defendant, Olin Anthony Robinson.

*Trial Court:*                                       The Honorable Kemper S. Williams, III, Presiding via assignment, 24th Judicial District Court, Jackson County, Texas.

*Parties in the Court of Appeals:*      The State of Texas – Appellant; Olin Anthony Robinson – Appellee.

*Court of Appeals:*                      Court of Appeals for the Thirteenth Supreme Judicial District of Texas; Opinion by Justice Garza joined by Justices Rodriguez and Benavides; *State v. Robinson,* No. 13-13-00571-CR (Tex. App.--Corpus Christi Aug.26, 2014, pet. filed) (Opinion attached, Appendix 1).

*Court of Appeals' Disposition:*    Order of the trial court reversed and case dismissed for want of jurisdiction.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals rendered its decision reversing the order of the trial court and dismissing the case for want of jurisdiction on August 26, 2014. The Petitioner filed his Motion for Rehearing *En Banc* on August 28, 2014. The Court of Appeals denied the Motion for Rehearing *En Banc* on July 27, 2015. The Petition for Discretionary Review was filed with the Clerk of this Court on July 28, 2015, by e-filing.

## GROUND FOR REVIEW NO. 1

THE COURT OF APPEALS ERRED IN REVERSING THE ORDER OF THE TRIAL COURT ON THE BASIS THAT THE TRIAL COURT LACKED THE JURISDICTION TO ENTER THE ORDER OF "SHOCK PROBATION" AFTER REMAND FROM THE COURT OF APPEALS. (*State v. Robinson,* No. 13-12-00121-CR, 2013 WL 1188101, at *2 (Tex. App.--Corpus Christi Mar. 21, 2013, pet. ref'd) ).

## REASONS FOR REVIEW

The Court of Appeals' has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals of Texas.

The Court of Appeals' decision conflicts with other Courts of Appeals' decisions on the same issue.

The Court of Appeals' interpretation of TEX. CODE CRIM. PROC. art. 41.12, § 6 is in direct conflict with the specific provisions contained in TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d) and stands the doctrine of statutory construction "on its head."

It is uncontroverted and undisputed that the Petitioner timely filed his motion for shock probation and it is also uncontroverted and undisputed that the trial court timely held a hearing and granted the motion. The State complained that it was not given the opportunity for a full evidentiary hearing and appealed the ruling of the trial court. On the first appeal, the Court of Appeals remanded the case to the trial court to afford the State a full evidentiary hearing. *See, e.g., State v. Robinson,* No. 13-12-00121-CR, 2013 WL 1188101, at *2 (Tex. App.--Corpus

Christi Mar. 21, 2013, pet. ref'd). The trial court complied with the Court of Appeals' mandate and, after affording the State a full evidentiary hearing, granted the motion for shock probation. The State brought this present appeal claiming that the trial court did not have the jurisdiction to enter the order granting shock probation after remand. The Court of Appeals issued its opinion agreeing with the premise of the State. It is the Petitioner's contention that the Court of Appeals' opinion violates the doctrine of statutory construction and in the process violates the doctrine of *stare decisis* and violates the Equal Protection and Due Process Rights of the Appellee guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

The Court in *Ex parte Dotson,* 76 S.W.3d 393, 395 (Tex. Crim. App. 2002), held:

> One of our general rules of statutory construction is that <u>a more specific statute</u> <u>or rule will prevail over a more general one</u>. (Citation omitted.)

(Emphasis added.)

The Petitioner contends that TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d) are a specific statute and rule which directly control the issue in the case at bar and they are both outcome determinative.

The Court in *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991), succinctly and unambiguously held:

> When we interpret statutes . . ., we seek to effectuate the "collective" intent or purpose of the legislators who enacted the legislation. (Citation omitted.) We do so because our state constitution assigns the law *making* function to the Legislature while assigning the law *interpreting* function to the Judiciary. (Citation omitted.)
>
> When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the <u>literal text of the statute</u> in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. . . . We focus on the literal text also because the text is the only *definitive* evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law. . . . Yet a third reason for focusing on the literal text is that the legislature is *constitutionally entitled* to expect the Judiciary will faithfully follow the specific text that was adopted.
>
> Thus, if the meaning of the statutory text, when read using the established canons of statutory construction relating to such text, should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning.

(Emphasis added.)

The Court of Appeals was required to give TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d) their "plain meaning." Moreover, the Court of Appeals is required, under the doctrine of *stare decisis*, to interpret the statute and rule as announced by the Court of Criminal Appeals of Texas. The Court in *McNatt v. State,* 188 S.W.3d 198, 201 (Tex. Crim. App. 2006), held:

3

> When a court of appeals reverses and remands a case to the trial court <u>without instructions to render a specific judgment, the effect is to restore the parties to the same situation as that in which they were before the appeal</u>.

(Emphasis added.) *See also Grimes v. State,* 807 S.W.2d 582, 583 (Tex. Crim. App. 1991); *Musgrove v. State,* 82 S.W.3d 34, 37 (Tex. App.--San Antonio 2002, pet. ref'd).

The Court of Appeals did not and cannot cite to a case from the Court of Criminal Appeals of Texas which would allow and uphold the contentions of the State after the Court of Appeals remanded the case back to the trial court. The cases cited by the Court of Appeals to buttress its opinion are totally inapplicable as a matter of law.

The Court of Criminal Appeals of Texas has, on more than one occasion, interpreted and construed the "plain meaning" of TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d). The interpretation, or lack thereof, by the Court of Appeals of the aforementioned statute and rule is anathema to the interpretation by the Court of Criminal Appeals of Texas and such interpretation violates the doctrine of *stare decisis* in the process.

The Court in *State v. Hardy,* 963 S.W.2d 516, 523 (Tex. Crim. App. 1998), held:

4

When the legislature meets, after a particular statute has been judicially construed, without changing that statute, we presume the Legislature intended the same construction should continue to be applied to that statute.

TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d), by the Court of Appeals' remand without instructions, restored the Petitioner's case to its *legal status* before the first hearing and does not freeze the case in point of time and the time limitations imposed by TEX. CODE CRIM. PROC. art. 42.12, § 6 are totally not applicable to a hearing on remand, as interpreted by the Court of Criminal Appeals of Texas. *See also Sanders v. State,* 832 S.W.2d 719, 722 (Tex. App.--Austin 1992, no pet.). If the intent is clear, the court's responsibility is to interpret the statute as intended by the legislature, even when the legislature's intent is to overrule a court's own previous opinion. *Leos v. State Emp. Workers' Comp. Div.,* 734 S.W.2d 341, 343 (Tex. 1987).

The Court of Appeals has incorrectly interpreted the "plain meaning" of TEX. CODE CRIM. PROC. art. 44.29(a), (b) and TEX. R. APP. P. 43.2(d) when juxtaposed with TEX. CODE CRIM. PROC. art. 42.12, § 6 and in so doing has violated the Equal Protection and Due Process Rights of the Petitioner as well as violating the doctrine of *stare decisis.*

5

## GROUND FOR REVIEW NO. 2

THE COURT OF APPEALS ERRED IN REVERSING THE TRIAL
COURT'S ORDER ON THE BASIS THAT THE TRIAL COURT
LACKED SUBJECT-MATTER JURISDICTION OVER THE
PETITIONER'S MOTION FOR "SHOCK PROBATION" AFTER
REMAND.

## REASONS FOR REVIEW

The Court of Appeals' has decided an important question of state law in a
way that conflicts with the applicable decisions of the Court of Criminal
Appeals of Texas.

The Court of Appeals' decision conflicts with other Courts of Appeals'
decisions on the same issue.

In its opinion, the Court of Appeals completely ignored and refused to
address the Petitioner's contention that TEX. CODE CRIM. PROC. art. 44.29(a), (b)
and TEX. R. APP. P. 43.2(d) control whether the trial court had the requisite
subject-matter jurisdiction to entertain the Petitioner's motion for shock probation
on remand. That issue was briefed on pages 1-3 of the Brief of Appellee. The
Court of Appeals did not have the authority to not adjudicate an issue that was
properly briefed and before the Court of Appeals.

The Supreme Court of Texas in *Lone Star Gas Co. v. Railroad Commission,*
767 S.W.2d 709, 710-711 (Tex. 1989), succinctly and unambiguously held:

> "The court of appeals is obliged to 'address every issue raised and
> necessary to final disposition of the appeal.' . . . The courts of appeals
> are not at liberty to disregard them. [T]he rules do mandate full

6

consideration of all issues raised to move the case as far as possible toward final disposition."

(Emphasis added.) *See also* TEX. R. APP. P. 47.1.

The Court of Criminal Appeals of Texas in *Keehn v. State,* 233 S.W.3d 348, 349 (Tex. Crim. App. 2007), completely adopted the Supreme Court of Texas' interpretation and rationale concerning TEX. R. APP. P. 47.1. The Court of Appeals violated the doctrine of *stare decisis* and has violated the Due Process Rights of the Appellant guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 19 of the Texas Constitution by not addressing merits of the issue.

## GROUND FOR REVIEW NO. 3

THE COURT OF APPEALS DID NOT HAVE THE SUBJECT-MATTER JURISDICTION TO ENTERTAIN A DIRECT APPEAL FROM A TRIAL COURT GRANTING CONTINUING JURISDICTION COMMUNITY SUPERVISION.

## REASONS FOR REVIEW

The Court of Appeals' has decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals of Texas.

The Court of Appeals' decision conflicts with other Courts of Appeals' decisions on the same issue.

7

It is uncontroverted and undisputed that the State of Texas, by and through the Jackson County District Attorney's Office, brought forth a **direct appeal** of the order of the trial court granting continuing jurisdiction community supervision ("shock probation") to the Petitioner. This action by the State not only violates the doctrine of *stare decisis*, its action violates the Equal Protection and Due Process Rights of the Petitioner guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

It is well-settled Texas law that there is **no** constitutional or statutory authority permitting a direct appeal from an order granting or denying "shock probation" or from an order modifying or refusing to modify the conditions of "shock probation." *See, e.g., Houlihan v. State,* 579 S.W.2d 213, 215-216 (Tex. Crim. App. 1979); *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex. Crim. App. 1977). *See also Pippin v. State,* 271 S.W.3d 861, 863-864 (Tex. App.--Amarillo 2009, no pet.); *Roberts v. State,* No. 04-10-00558-CR, 2010 WL 4523788, at *1-2 (Tex. App.--San Antonio Nov. 10, 2010, pet. ref'd).

Unless and/or until the Court of Criminal Appeals of Texas overrules its holdings in *Houlihan, Basaldua,* and their progeny, the Court of Appeals was and is bound by those decisions under the doctrine of *stare decisis*. The Court of Appeals did not have the requisite subject-matter jurisdiction nor did it have the legal authority to adjudicate the State's appeal. To repeat, there is no case,

constitutional provision and/or statute to confer subject-matter jurisdiction over the State's direct appeal. The State's appeal should have been dismissed for want of jurisdiction and the order of the trial court should have been affirmed.

## **PRAYER**

For the foregoing reasons, Petitioner, Olin Anthony Robinson, requests that the Court reverse the judgment of the Court of Appeals and enter judgment affirming the order of the trial court in Cause No. 05-05-7221 or, in the alternative, reverse the judgment of the Court of Appeals and remand the case to the Court of Appeals to address the merits of the unadjudicated issues presented by the Petitioner in this appeal.

Respectfully submitted,

WILLIE & ASSOCIATES, P.C.

By:/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.
4151 Southwest Freeway, Suite 490
Houston, Texas 77027
(713) 659-7330
(713) 599-1659 (FAX)
SBOT# 21633500
attyjrwii@wisamlawyers.com

ATTORNEY FOR PETITIONER
OLIN ANTHONY ROBINSON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-service to Robert E. Bell, Jackson County District Attorney, 115 W. Main Street, Room 205, Edna, Texas 77957 and the State Prosecuting Attorney, P.O. Box 12405, Capitol Station, Austin, Texas 78711, on the 28th day of July, 2015.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

## CERTIFICATE OF COMPLIANCE

I certify that the Petition for Discretionary Review submitted complies with TEX. R. APP. P. 9 and the word count of this document is 1,970. The word processing software used to prepare the document and to calculate the word count is Windows 7.

/s/ Joseph R. Willie, II, D.D.S., J.D.
Joseph R. Willie, II, D.D.S., J.D.

# APPENDIX

# Appendix 1



NUMBER 13-13-00571-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

---

THE STATE OF TEXAS,                                                       Appellant,

v.

OLIN ANTHONY ROBINSON,                                                Appellee.

---

On appeal from the 24th District Court of
Jackson County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Benavides**
**Memorandum Opinion by Justice Garza**

This appeal by the State, by and through the Jackson County District Attorney's

Office, challenges the trial court's October 21, 2013 order granting appellee Olin Anthony

Robinson's motion for "shock probation." *See* TEX. CODE CRIM. PROC. ANN. art. 41.12, §

6(a) (West, Westlaw through 2013 3d C.S.) (providing for trial court's authority to grant "shock probation" to defendants sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ")). By a single issue, the State contends the trial court lacked jurisdiction to grant Robinson's motion because it was granted outside the statutory 180-day jurisdictional period for granting such a motion. *See id.* Concluding that the trial court's October 21, 2013 order placing Robinson on shock probation is void, we vacate that order and dismiss the cause. *See* TEX. R. APP. P. 43.2(e).

## BACKGROUND

On February 10, 2010, a jury convicted Robinson of assault on a public servant, a third-degree felony, *see* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West, Westlaw through 2013 3d C.S.), and imposed punishment of four years' imprisonment in the TDCJ and a $10,000 fine. Robinson appealed, and this Court affirmed his conviction. *See Robinson v. State*, No. 13-10-065-CR, 2011 WL 861152, at *2 (Tex. App.—Corpus Christi March 10, 2011, pet. ref'd) (mem. op., not designated for publication) (*Robinson I*).

On December 28, 2011, the day that he began serving his sentence, Robinson filed a "Motion for Continuing Jurisdiction Community Supervision," commonly referred to as "shock probation." *See Neugebauer v. State*, 266 S.W.3d 137, 138 (Tex. App.—Amarillo 2008, no pet.). On February 2, 2012, the trial court entered a judgment assessing punishment at four years' imprisonment and a $10,000 fine, but suspending the punishment and placing Robinson on community supervision for four years.

The State appealed, arguing that the trial court erred in granting Robinson's motion without holding a hearing as required by article 42.12, section 6(c) of the code of criminal

2

procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 41.12, § 6(c) (West, Westlaw through 2013 3d C.S.) (providing that a judge may deny a motion for shock probation without a hearing, but may not grant such a motion without a hearing). We agreed with the State, reversed the February 2, 2012 judgment, and remanded to the trial court for proceedings consistent with our opinion. *See State v. Robinson*, No. 13-12-00121-CR, 2013 WL 1188101, at *2 (Tex. App.—Corpus Christi March 21, 2013, pet. ref'd) (mem. op., not designated for publication) (*Robinson II*).

On October 21, 2013, the trial court held a hearing on Robinson's motion for continuing jurisdiction community supervision. The trial court also heard the State's motion to dismiss Robinson's motion. The State argued that the trial court lacked jurisdiction to grant the motion because more than 180 days had elapsed after the execution of Robinson's sentence began on December 28, 2011. Robinson argued that, because this Court in *Robinson II* reversed the February 2, 2012 judgment and remanded to the trial court for further proceedings, Robinson was placed in the same posture as if a new hearing had been granted by the trial court.

At the conclusion of the hearing, the trial court granted Robinson's motion and placed him on shock probation for a period of four years. The court further ordered that the $10,000 fine be paid in monthly payments. The trial court signed the order the same day, October 21, 2013. The State appealed from this order.

## II. STATE'S RIGHT TO APPEAL

We first note that Robinson argues on appeal that this Court lacks subject-matter jurisdiction to entertain an appeal of a trial court order granting shock probation. We disagree. We decided this issue in *Robinson II*. *See* 2013 WL 1188101, at *1. There,

3

we held that the State has a right to appeal the trial court's order/judgment granting shock probation under article 44.01(a)(2) of the code of criminal procedure because the order "'arrest[ed] or modifie[d] a judgment.'" *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(2) (West, Westlaw through 2013 3d C.S.)) (providing that the state is entitled to appeal an order of a court in a criminal case if the order arrests or modifies a judgment). For the same reason, we conclude that the State has a right to appeal the October 21, 2013 order.

### III. DISCUSSION: JURISDICTION TO GRANT SHOCK PROBATION

By its sole issue, the State contends that the trial court lacked jurisdiction to grant shock probation because the October 21, 2013 order granting it was issued almost two years after the date that Robinson began serving the sentence on December 28, 2011. We agree with the State. As noted in *Neugebauer,*

> For purposes of suspending further imposition of sentence and placing the defendant on shock probation, the jurisdiction of the trial court continues for "180 days from the *date* the execution of the sentence actually *begins.*" TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6(a) (Vernon 2006) (emphasis added). Execution of sentence begins upon the defendant's incarceration. *Bailey v. State,* 160 S.W.3d 11, 14 n. 2 (Tex. Crim. App. 2004). A trial court order granting shock probation after it has lost jurisdiction is void. *Ex Parte Busby,* 67 S.W.3d 171, 173 (Tex. Crim. App. 2001), *overruled on other grounds, Ex Parte Hale,* 117 S.W.3d 866 (Tex. Crim. App. 2003). A void judgment is a "nullity" and can be attacked at any time. *Ex Parte Patterson,* 969 S.W.2d 16, 19 (Tex. Crim. App. 1998).

266 S.W.3d at 139 (footnote omitted).

It is undisputed that execution of Robinson's sentence began on December 28, 2011. Robinson's sworn motion for shock probation states that he began serving his sentence on December 28, 2011. The October 31, 2013 order which purports to grant Robinson shock probation was issued well outside the statutory 180-day period after

4

interpretation and application of the statute in *McDonald*, *Neugebauer*, and *Hunt*. *See McDonald*, 642 S.W.2d at 493; *Neugebauer*, 266 S.W.3d at 140; *see also Hunt*, 1990 WL 31593, at *2. The only argument Robinson makes is the general proposition that "[w]hen a court of appeals reverses and remands a case to the trial court without instructions to render a specific judgment, the effect is to restore the parties to the same situation as that in which they were before the appeal." *See McNatt v. State*, 188 S.W.3d 198, 201 (Tex. Crim. App. 2006). While we do not dispute the general proposition posited by Robinson, he has cited no authority applying the proposition to expand the jurisdictional period defined by article 42.12 section six, and we find none. As the *Neugebauer* court stated,

> Appellant and the State both contend the trial court did have jurisdiction to grant Appellant shock probation because Appellant was not incarcerated for more than 180 days prior to the suspension of sentence, Appellant having been released on bond pending the disposition of his original appeal. While we agree that "execution of the sentence" imposed by the trial court was suspended by reason of Appellant's release on bond pending final determination of the merits of his original appeal, *Houlihan v. State*, 579 S.W.2d 213, 217 (Tex. Crim. App. 1979), § 6 of article 42.12 says nothing about *suspension* of the execution of sentence. The statutory language of § 6 is clear and unambiguous: "the jurisdiction of a court . . . shall continue for 180 days from *the date the execution of sentence actually begins*." When read literally, we have no valid reason to interpret it any way other than as continuing the jurisdiction of the court for a period of time commencing "the date the execution of sentence actually begins."

266 S.W.3d at 140 (emphasis in original). We agree and sustain the State's sole issue.

## IV. CONCLUSION

The trial court's October 21, 2013 order placing Robinson on shock probation is void. Having determined the October 21, 2013 order to be a nullity, we vacate that order and dismiss the cause. *See* TEX. R. APP. P. 43.2(e). We further find that when a trial court acts entirely without jurisdiction, the proper remedy is to return the parties to the positions they occupied prior to the trial court's actions. *See State v. Fielder*, 376 S.W.3d

6

784, 787 (Tex. App.—Waco 2011, no pet.) (citing *Deifik v. State*, 58 S.W.3d 794, 798 (Tex. App.—Fort Worth 2001, pet. ref'd)); *see also Moore v. State*, No. 09-06-532-CR, 2008 WL 1904247, at *5 (Tex. App.—Beaumont April 30, 2008, no pet.). Therefore, the trial court's February 10, 2010 judgment of conviction and sentence is in full force and effect. *See Fielder*, 376 S.W.3d at 787.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of August, 2014.

7



# THE THIRTEENTH COURT OF APPEALS

13-13-00571-CR

The State of Texas
v.
Olin Anthony Robinson

On Appeal from the
24th District Court of Jackson County, Texas
Trial Cause No. 05-5-7221

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on

appeal, concludes the appeal should be dismissed. The Court orders the appeal

DISMISSED in accordance with its opinion.

We further order this decision certified below for observance.

August 26, 2014

# Appendix 2

**CHIEF JUSTICE**
ROGELIO VALDEZ

**JUSTICES**
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

**CLERK**
CECILE FOY GSANGER



# Court of Appeals
## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

*www.txcourts.gov/13thcoa*

July 27, 2015

Hon. Jim Vollers
Attorney At Law
2201 Westover Road
Austin, TX 78703
* DELIVERED VIA E-MAIL *

Hon. Joseph R. Willie II
Attorney At Law
4151 Southwest Freeway, Suite 490
Houston, TX 77027
* DELIVERED VIA E-MAIL *

Hon. Robert E. Bell
District Attorney
115 W. Main Street, Rm. 205
Edna, TX 77957
* DELIVERED VIA E-MAIL *

Re:     Cause No. 13-13-00571-CR
Tr.Ct.No. 05-5-7221
Style:   The State of Texas v. Olin Anthony Robinson

Dear Sir/Madam:

Appellee's motion for rehearing en banc in the above cause was this day DENIED by this Court.

Very truly yours,

*Cecile Foy Gsanger*

Cecile Foy Gsanger, Clerk

CFG:dsr

cc:     State Prosecuting Attorney (DELIVERED VIA E-MAIL)